¶ 1 I respectfully dissent from the disposition of this case by Judge Gwin and Judge Boggins regarding the first assignment of error.
 {¶ 2} I would find, as did the trial court, that the notice and subrogation clauses are not applicable to UM/UIM coverage which arises by operation of law. This finding is consistent with our findings in StateAuto Mutual Insurance Co., et al. vs. Goodson Newspaper Group, Inc. etal., Rohr v. Cincinnati Insurance Co., and Greene v. Westfield InsuranceCo., (citations in concurring opinion of Judge Boggins).
 {¶ 3} I am not persuaded by the decision of the Ohio Supreme Court in Heiney v. The Hartford, _ Ohio St.3d ___, 2002-1505. The Ohio Supreme Court's decision in that matter was in response to a motion filed by the appellant for summary reversal. In that motion, the appellant stated: "[t]he issue of whether or not notice and subrogation conditions apply to coverage as a matter of law is irrelevant and need not be addressed to resolve the dispute between the parties." (Filed July 2, 2003, in Case No. 02-1505 in the Ohio Supreme Court). This indicates to me that the Ohio Supreme Court never considered the issue as to whether notice and subrogation conditions apply to UM/UIM coverage which arises by operation of law.